JUAN MARI RAMOS, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 892. Submitted May 25, 1933.—Decided May 31, 1933.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Juan Mari Ramos presented to the Registrar of Property of San Germán a deed executed before Notary Angel Arroyo Rivera, and sought, among other things, that the present description of a parcel of land be entered by means of a marginal note. It appears from the deed that a segregation was made from said parcel. Modification was also requested of the boundaries of another parcel of one acre (*cuerda*), described in the seventh paragraph of the deed.

The registrar refused to record said instrument for various reasons stated in the decision appealed from, but appellant only complains of his refusal to enter, by means of a marginal note, the present description of the principal property after the segregation was made, and the change of boundaries of the other parcel of one acre already mentioned.

Concerning the question raised by appellant, the decision appealed from says:

"Regarding the request made, that the description of the remainder of the parcel of land of 1.8333 acres (*cuerdas*) as well as the rectification of boundaries and exact description of the other parcel of land of one acre, to which the seventh paragraph of this instrument refers, be entered by means of marginal notes on the books of the registry, the action sought is not taken, because neither the Mortgage Law, nor its Regulations, nor the jurisprudence, nor the commentaries on said mortgage law, authorize the description of properties by marginal notes, for in cases where any remainder of a property is described or differences in the boundaries and appurtenances of another are stated in the registry, as notice to the public, this is done only when a subsequent title is presented to the registry which involves a contract affecting the said present property, or by a public deed executed by the owner himself, which would cause a new record and hence the fees would be greater."

The registrar states that when a segregation is effected a simple mention is made, on the margin of the principal property, of the segregated portion stating its area and the volume and page (*folio*) where it is recorded as a separate property; but that in said marginal note the remainder of the property is not described, because such description must be made in the record itself and not in a marginal note. It seems to be inferred from the last part of the decision of the registrar that if the remainder of a property or if a difference in the boundaries of another is involved, a further notarial deed would be required, which would cause a new record. It does not seem reasonable to compel the interested party to incur additional expenses in order to perform an act which is redundant. The property is recorded, and the

fact that a segregation has been made should not give rise to a new inscription of the property when it is sought to describe the remaining portion thereof after the segregation. Of course, the segregated parcel must be separately recorded, as it forms a new property, but the original tract which is already recorded should not be made the subject of a new record. A description in the form of a marginal note causes no harm or inconvenience in the books of the registry, but rather serves as an explanatory note and simplifies and facilitates the inquiry regarding the present boundaries of the property. In entering such marginal notes the registrar acts at the instance of a party, and we can see no reason that would justify a refusal on the part of the registrar when the marginal note is requested and the corresponding fees are paid.

The decision appealed from should be reversed.